```
FILED
CLERK ... DISTRICT COURT

NOV  3 2016

CENTR... DIS PICT OF CALIFORNIA
BY                           DEPUTY
```

1  GREENBERG TRAURIG, LLP
2  MATTHEW R. GERSHMAN (SBN 253031)
   gershmanm@gtlaw.com
3  1840 Century Park East, Suite 1900
4  Los Angeles, CA 90067-2121
   Telephone: 310-586-7700 / Facsimile: 310-586-7800
5
6  CAMERON M. NELSON (Pro Hac Vice Application to be filed)
   nelsonc@gtlaw.com
7  77 West Wacker Drive, Suite 3100
   Chicago, IL 60601
8  Telephone: 312-456-8400 / Facsimile: 312-456-8435
9  *Attorneys for* Plaintiff,
   UL LLC
10

LA CV16 08172-CAS-AFMx

11             UNITED STATES DISTRICT COURT
12          FOR THE CENTRAL DISTRICT OF CALIFORNIA

13 | UL LLC,                                    | Case No.:
14 |     Plaintiff,                             |
15 |                                            | **PLAINTIFF UL'S *EX PARTE***
   | v.                                         | **APPLICATION FOR TEMPORARY**
16 |                                            | **RESTRAINING ORDER, SEIZURE**
17 | The Space Chariot Inc., a California       | **ORDER,, EXPEDITED DISCOVERY**
   | corporation; Kevin Walker, an individual;  | **ORDER AND ORDER TO SHOW**
18 | Donabelle Escarez Mortel, aka Donabella    | **CAUSE FOR PRELIMINARY**
   | Mortel, an individual; and John Does 1-10, | **INJUNCTION**
19 | individuals,                               |
20 |                                            |
   |     Defendants.                            | **FILED UNDER SEAL PURSUANT TO**
21 |                                            | **15 U.S.C. SECTION 1116(d)**

APPLICATION

CHI 67549484v1

Plaintiff UL LLC ("UL"), in conjunction with its Complaint against The Space Chariot Inc., Kevin Walker and Donabelle Escarez Mortel aka Donabella Mortel (collectively, "Defendants"), files this, its *Ex Parte* Application for Temporary Restraining Order, Seizure Order, Expedited Discovery, and Order to Show Cause for Preliminary Injunction ("Application"), and would show as follows:

## I. SUMMARY OF ARGUMENT

Plaintiff UL, having contemporaneously filed its Complaint, comes now and respectfully requests that the Court grant this Plaintiff's Application. As more fully set forth in Plaintiff's Memorandum of Law in Support of Plaintiff's *Ex Parte* Application For Temporary Restraining Order, Seizure Order, Expedited Discovery, and Order to Show Cause for Preliminary Injunction, UL is suffering imminent and ongoing harm from Defendants' counterfeiting of UL's well-known certification marks.

## II. PLAINTIFF'S CLAIMS AND REQUEST FOR EXTRAORDINARY RELIEF

Plaintiff, UL LLC ("UL") brings this application for temporary restraining order, seizure order, expedited discovery order and order to show cause for preliminary injunction against Defendants The Space Chariot, Inc. ("Space Chariot"), Kevin Walker and Donabelle Escarez Mortel aka Donabella Mortel (together, "Defendants) based on, among other things, Defendants' willful counterfeiting and infringement of UL's certification marks.

Founded in 1894, UL is a leader in product testing and certification. Its well-known UL-in-a-circle certification mark, which in 2013 alone appeared on more than 22 billion products, has earned a reputation of trust and reliability among consumers throughout the world. The display of the UL certification mark on a product is the manufacturer's representation to the public that the product meets UL's specified rigorous product safety and/or performance standards.

The integrity of the UL certification mark is of vital importance to UL's brand and its business. To protect its substantial investment and goodwill in the UL certification

mark, UL has long tested, inspected and certified products as well as developed safety standards and maintained a UL certification directory. Only manufacturers and suppliers who have entered into an agreement with UL and whose products have passed the relevant certification testing are authorized to sell products bearing the UL certification mark and be listed in UL's database of approved manufacturers and suppliers.

UL has never certified any of Defendants' products and has not authorized Defendants to use the UL certification mark in any way. Defendants are nonetheless brazenly advertising hoverboards as being UL certified when, in fact, they are not. Defendants have even gone so far as to market their hoverboards as "TOP OF THE LINE HOVERBOARDS THAT ARE UL SAFETY CERTIFIED" and have posted this advertisement and substantially similar advertisements on their website <spacechariot.com> and social media accounts such as <instagram.com>, <facebook.com>, <twitter.com> and <youtube.com> to an unsuspecting public. Most troubling, because Defendants have advertised their hoverboards as "UL Safety Certified," consumers are under the belief that they are buying a UL-certified product when in fact they are being deceived. Products that are not tested or certified by UL may pose serious fire, electrical shock, and other safety/casualty hazards.

By recklessly launching their hoverboards into the stream of commerce, Defendants are enabling a danger to the public welfare – as the hoverboards are not tested or certified to UL's strict standards, yet falsely represent to consumers that they are. The damage to the integrity of the UL certification mark is incalculable and irreparable, as Defendants' actions have rendered meaningless a manufacturer's representation of compliance that comes from displaying the UL certification mark on its products.

UL seeks temporary and permanent injunctive relief pursuant to Federal Rule of Civil Procedure 65, the Lanham Act, and the common law. As set forth in detail in UL's Memorandum of Law in Support of this Application, UL has established (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable harm; (3) that

the threatened harm to UL outweighs the threatened injury to Defendants; and (4) that granting injunctive relief does not disserve the public interest.

Furthermore, UL has requested that the Court grant UL (1) a seizure order to be executed at Defendant's business premises located at 5250 Lankershim Boulevard, Suite 500, North Hollywood, California, 91601, (2) the ability to conduct discovery on an expedited basis in order to prepare adequately for the hearings on these issues, and (3) an order to show cause for a preliminary injunction. The discovery requested is both limited and directly related to the development of facts and evidence which will be presented at the temporary injunction hearing.

### III. RELIEF REQUESTED

Unless Defendants are restrained as herein, any monetary judgment UL might obtain against Defendants will be an ineffective remedy. Specifically, UL requests:

A) Enjoining and restraining Defendants, their officers, agents, servants and employees and any persons in active concert or participation with them from:

(i) using the UL Marks or any reproduction, counterfeit, copy or colorable imitation of the UL Marks in connection with the manufacture, advertisement, offer for sale and/or sale of merchandise not authorized by UL, or in any manner likely to cause others to believe that the Counterfeit Products are connected with UL or the genuine UL Marks;

(ii) passing off any other goods that are not authorized by UL as being certified, approved or authorized by UL;

(iii) making, having made, importing, distributing, or offering for sale any hoverboards which are not certified by UL; and

(iv) committing any other acts calculated to cause purchasers to believe that Defendants' products are authorized, approved or certified by UL unless they are such.

(B) Impounding, during the pendency of this action, any Counterfeit Products, any reproduction, copy or colorable imitation thereof, including labels or

3
APPLICATION

other items, any advertising, packaging and other materials and merchandise seized pursuant to the provisions of this Order.

(C) Restricting the transfer of Defendants' assets pursuant to the provisions of this Order hereinafter set forth.

## IV. CONCLUSION

For these reasons, and as more fully articulated within Plaintiff's Memorandum of Law in Support of Plaintiff's Ex Parte Application for Temporary Restraining Order, Seizure Order, Expedited Discovery, and Order to Show Cause for Preliminary Injunction, and the evidence contained therein, Plaintiff respectfully requests that the Court grant the relief requested herein, and restrain Defendants from further damaging the business and reputation of UL.

DATED: November 1, 2016

Respectfully submitted,

By: _____
MATTHEW R. GERSHMAN
*Attorneys for Plaintiff UL LLC*