# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UL LLC, <br><br> Plaintiff, <br><br> v. <br><br> The Space Chariot Inc., a California corporation; Kevin Walker, an individual; Donabelle Escarez Mortel, aka Donabella Mortel, an individual; and John Does 1-10, individuals, <br><br> Defendants. | Case No.: 2:16-CV-08172-CAS (AFMX) <br><br> [~~PROPOSED~~] STIPULATED PRELIMINARY INJUNCTION AND ORDER FOR EXPEDITED DISCOVERY |

## STIPULATED PRELIMINARY INJUNCTION AND ORDER FOR EXPEDITED DISCOVERY

Plaintiff UL LLC ("UL") and Defendants The Space Chariot, Inc. ("Space Chariot"), Kevin Walker ("Walker"), and Donabelle Escarez Mortel, aka Donabella Mortel ("Mortel") (collectively "Defendants") hereby stipulate and agree as follows:

1. UL moved for a temporary restraining order, preliminary injunction, seizure order, and expedited discovery pursuant to Federal Rule of Civil Procedure 65 and the Lanham Act, 15 U.S.C. §§ 1051, et seq. as amended by the Trademark Counterfeiting Act of 1984, Public Law 98-473 (the "Lanham Act").

2. The Court granted UL's motion for temporary restraining order, preliminary injunction, seizure order, and expedited discovery order in part, and set an Order to Show Cause hearing for December 12, 2016.

3. The parties have been engaged in preliminary discovery, and Defendants have agreed to stipulate to a preliminary injunction and to produce certain categories of discovery as set forth below.

THEREFORE, IT IS HEREBY ORDERED THAT:

(a) Defendants, their officers, agents, servants, employees, and any persons in active concert or participation with them, are hereby enjoined and restrained from:

    (i) using any reproduction, counterfeit, copy or colorable imitation of the UL Marks in connection with the advertisement, offer for sale and/or sale of any merchandise, or in any manner likely to cause others to believe that Defendants' products are connected with UL or the genuine UL Marks, when they are not in fact connected with UL or the genuine UL Marks; and

    (ii) passing off any labels or other goods that are not authorized UL Marks, as and for the UL Marks; and

    (iii) committing any other acts calculated to cause purchasers to believe that Defendants' products bear authorized UL Marks when they do no on fact bear authorized UL Marks; and

(b) removing, destroying or otherwise disposing of any computer tapes or disks, business records or documents relating in any way to the manufacture, acquisition, purchase, distribution, advertising, offering for sale or sale of goods purportedly certified by UL or bearing the UL Marks.

(c) dispersing assets, including funds from Walker and/or Mortel's personal bank accounts or corporate bank accounts (including but not limited to the corporate account of Space Chariot, and specifically including the corporate accounts of any other ventures co-owned, in whole or in part, by Walker and/or Mortel), except as strictly

1

necessary to pay expenses arising in due course for typical personal or corporate expenses, as set forth below.

IT IS FURTHER ORDERED that,

(a) Defendants shall make the personal laptop and cell phone of Kevin Walker available for forensic imaging no later than Wednesday, December 15, 2016. Defendants' counsel shall produce all text messages relating to hoverboards by the close of business on Wednesday, December 15, 2016. The parties' counsel shall work out an agreed forensic discovery protocol relating to production of other documents on these devices as soon as reasonably possible.

(b) Defendants shall immediately provide their counsel with means to electronically access the email accounts info@spacechariot.com, kevin@spacechariot.com, and kevinlwalker@gmail.com. The parties' counsel shall work out an agreed e-discovery protocol for searching these email accounts and producing documents from them as soon as reasonably possible.

(c) Defendants shall immediately provide their counsel with means to electronically access the dashboard and administration functions of Defendant's website hosted at SpaceChariot.com, and Defendants' counsel shall produce relevant documents from the website as soon as reasonably possible.

(d) Defendants shall produce all bank statements in their possession, custody and control from July 1, 2015 to present. Defendants shall produce all bank statements which they can download form their bank's website by the close of business on Wednesday, December 15, 2016. Defendants shall request any remaining bank statements from their bank(s) by the close of business on Wednesday, December 15, 2016, and shall promptly produce those bank statements to UL's counsel when received from Defendants' banks.

(e) Defendants shall identify all persons affiliated with the domain names truehoverboard.com, perfecthoverboards.com, and spacechariotca.com, and the nature of

2

the relationship between Defendants and these domain names, by the close of business on Wednesday, December 15, 2016.

IT IS FURTHER ORDERED that Defendants may continue operating their website at spacechariot.com, provided that Defendants provide detailed weekly sales reports to UL's counsel, and that Defendants provide UL an opportunity to inspect any inventory before it is shipped to customers. UL will make reasonable efforts to ensure that any such inspections occur in a timely fashion.

IT IS FURTHER ORDERED that Defendants shall provide an accounting of any Defendant's assets having a value of five thousand dollars ($5,000) or more, and the location and identity thereof, by the close of business on Wednesday, December 15, 2015.

IT IS FURTHER ORDERED that in accordance with Rule 64 of the Federal Rules of Civil Procedure, 15 U.S.C. § 1116(a) and this Court's inherent equitable power to issue provisional remedies ancillary to its authority to provide final equitable relief, Defendants, including but not limited to The Space Chariot Inc., Kevin Walker and Donabella Mortel, and their officers, servants, employees and agents and any persons in active concert or participation with them, and any banks, savings and loan associations or other financial institutions, or agencies which engage in the transfer of real property, who receive actual notice of this order by personal service or otherwise, are temporarily restrained and enjoined from transferring, disposing of, or secreting any money, stocks or other assets of Defendants, without prior approval of the Court, except to the extent necessary for:

(1) payments for ordinary living expenses not to exceed four thousand dollars ($4,000) per month, with an accounting of such payments to be provided to UL within ten (10) days following the end of each month;

/ / /

/ / /

(2) payments for ordinary, legitimate business expenses as follows:

(a) rent or mortgage in the amount normally paid as required in any lease or loan on any premises by such Defendant or company, upon presentation of said lease or loan document to UL's counsel and verification thereof;

(b) ordinary and regular salaries to any *bona fide* employees, other than any of the Defendants themselves, or any relatives or dependents thereof, to the extent such salaries are not excessive;

(c) ordinary and necessary bills for utilities;

(d) purchase of inventory for the purpose of fulfilling customer orders, provided that Defendants maintain records of all such purchase and sales.

(3) Defendants shall provide UL's counsel with an accounting of all payments of living expenses, business expenses and any transfers of assets made pursuant to this Order within ten (10) days following the end of each month.

**IT IS SO ORDERED.**

Dated: December 9, 2016

_____
Hon. Christina A. Snyder
United States District Judge