| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-08172-CAS(AFMx) | Date | July 7, 2017 |
| Title | UL LLC v. THE SPACE CHARIOT INC. ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) - NOTICE OF RELIEF FROM AUTOMATIC STAY AND REQUEST FOR DECISION ON FULLY BRIEFED MOTION FOR PARTIAL SUMMARY JUDGMENT (Dkt. 94, filed June 20, 2017)

On November 3, 2016, plaintiff UL LLC filed this action against defendants The Space Chariot, Inc., Kevin Walker, Donabelle Escarez Mortel (aka Donabella Mortel), and John Does 1–10. Dkt. 1. UL asserts five claims: (1) trademark infringement, 15 U.S.C. § 1114; (2) counterfeit of registered marks, 15 U.S.C. § 1114; (3) unfair competition and false designation of original and false and misleading representations, 15 U.S.C. § 1125(a); (4) unfair competition in violation of California Business and Professions Code §§ 17200 et seq.; and (5) false advertising under California Business and Professions Code §§ 17500 et seq. The gravamen of UL's complaint is that Space Chariot, Walker, and Mortel ("defendants") are using UL marks on various websites to falsely represent that Space Chariot's goods—namely, hoverboards—have been certified by UL.

Also on November 3, 2016, UL filed an ex parte application for a temporary restraining order, seizure order, expedited discovery, and order to show cause re: preliminary injunction. Dkts. 4, 7. On the same day, the Court denied UL's application for a seizure order. Dkt. 12.

On November 17, 2016, the Court granted UL's motion for a temporary restraining order and ordered defendants to show cause why a preliminary injunction should not be issued. Dkt. 25 ("TRO"). On December 9, 2016, the parties stipulated to a preliminary injunction. Dkt. 31. Pursuant to this stipulation, the Court: (1) enjoined defendants from, inter alia, using UL marks and dispersing personal and corporate assets; and (2) ordered defendants to, inter alia, (a) produce all bank statements in their possession or control, (b) identify all persons affiliated with the domain names truehoverboard.com,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-08172-CAS(AFMx) | Date | July 7, 2017 |
| Title | UL LLC v. THE SPACE CHARIOT INC. ET AL. | | |

perfecthoverboards.com, and spacechariotca.com, and identify the nature of the relationship between defendants and those domain names, and (c) provide an accounting of any assets having a value greater than $5,000 and the location and identify thereof. Dkt. 33 ("Preliminary Injunction"). On April 10, 2017, the Court granted UL's motion for civil contempt and sanctions on the grounds that defendants violated portions of the TRO and the Preliminary Injunction. Dkt. 74 ("Sanctions Order").

On January 9, 2017, the Court denied Walker and Mortel's motion to dismiss UL's claims against them. Dkt. 36.

On April 19, 2017, Walker and Mortel filed a notice that they had petitioned for bankruptcy. Dkt. 79. Accordingly, on April 21, 2017, the Court stayed this action as to Walker and Mortel. Dkt. 82.

On April 20, 2017, the Court granted UL's motion for partial summary judgment on its first and second claims (trademark infringement and counterfeit of registered marks) as against Space Chariot. Dkt. 81 ("Summary Judgment Order").

On May 15, 2017, the Court granted defense counsel's motion to withdraw as counsel. Dkt. 87. Because Space Chariot is a corporate entity and may not appear pro se, the Court ordered Space Chariot to retain new counsel within 30 days or risk the imposition of sanctions or the entry of default. Id. at 2. To date, Space Chariot has failed to retain new counsel.

On June 20, 2017, UL filed a notice that the U.S. Bankruptcy Court had lifted the automatic stays imposed by 11 U.S.C. § 362 so that UL could pursue relief against Walker and Mortel. Dkt. 94; dkt. 94-1, Exs. A, B (bankruptcy court orders granting UL's motion for relief from stay). Accordingly, the Court **lifts the stay of this action** as to Walker and Mortel. See dkt. 82. UL requests that the Court grant partial summary judgment against Walker and Mortel, as requested in its original motion. Dkt. 94 at 1.

In the Summary Judgment Order, the Court set forth the undisputed facts of the case and concluded:

> UL has presented undisputed evidence showing that *defendants* used a "spurious mark which is identical to or substantially indistinguishable from" the UL Marks "in connection with the sale, offering for sale, distribution, or advertising of any goods or services." 15 U.S.C. §§ 1114; 1127.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:16-cv-08172-CAS(AFMx) | Date | July 7, 2017 |
|---|---|---|---|
| Title | UL LLC v. THE SPACE CHARIOT INC. ET AL. | | |

> Accordingly, a rational trier of fact could not find for *defendants* on UL's claims for trademark infringement and counterfeiting of a registered mark.

Summary Judgment Order at 17 (emphases added). Because this action was stayed as to Walker and Mortel, the Court granted UL's motion for partial summary judgment only as against Space Chariot. Id. Nevertheless, the Court's findings and conclusions applied equally to Walker and Mortel. Now that the Bankruptcy Court's automatic stay has been lifted, the Court **GRANTS** UL's motion for partial summary judgment as against Walker and Mortel.

Also in the Summary Judgment Order, the Court concluded "that there is no dispute of material fact regarding defendants' willful use of counterfeits of the UL marks. A rational trier of fact could not find that defendants' use of UL marks was not willful." Id. at 19. Therefore, the Court awarded UL statutory damages in the amount $1,000,000. Id. at 21–22. Walker and Mortel are now jointly and severally liable for damages to UL.

In the Court's Sanctions Order, the Court directed defendants to account for $42,500 in dissipated assets on or before April 17, 2017. Sanctions Order at 7. Defendants have failed to do so. The Court directs defendants to account for the dissipated assets on or before July 28, 2017. Failure to do so may result in the imposition of additional sanctions.

IT IS SO ORDERED.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |