UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   O

| Case No. | CV16-8172-CAS(AFMx) | Date | December 4, 2017 |
|---|---|---|---|
| Title | UL, LLC v. THE SPACE CHARIOT INC., ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER, U.S. DISTRICT JUDGE | |
|---|---|---|
| CONNIE LEE | LAURA ELIAS | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Matthew Gersham | Not Present |

| **Proceedings:** | UL, LLC'S REQUEST FOR ATTORNEYS' FEES AND COSTS PURSUANT TO THE APRIL 10, 2017 COURT ORDER (Dkt. 116, filed November 3, 2017) |
|---|---|

## I. INTRODUCTION & BACKGROUND

On November 3, 2016, plaintiff UL LLC filed this action against defendants The Space Chariot, Inc., Kevin Walker, Donabelle Escarez Mortel, and John Does 1–10. Dkt. 1. UL asserts five claims: (1) trademark infringement, 15 U.S.C. § 1114; (2) counterfeit of registered marks, 15 U.S.C. § 1114; (3) unfair competition and false designation of original and false and misleading representations, 15 U.S.C. § 1125(a); (4) unfair competition in violation of California Business and Professions Code §§ 17200 et seq.; and (5) false advertising under California Business and Professions Code §§ 17500 et seq. The gravamen of plaintiff's complaint is that Space Chariot, Walker, and Mortel ("defendants") used plaintiff's marks on various websites to falsely represent that Space Chariot's goods—namely, hoverboards—have been certified by plaintiff.

On November 17, 2016, the Court issued a temporary restraining order that enjoined and restrained defendants from using plaintiff's trademarks to advertise or sell hoverboards not certified by plaintiff. Dkt. 25. On December 9, 2016, the Court entered a stipulated preliminary injunction and order for expedited discovery, prohibiting defendants from dispersing assets except as strictly necessary to pay expenses arising in due course for typical personal and corporate expenses. Dkt. 33. The preliminary injunction also required defendants to provide (1) an account of their assets having a value of five thousand dollars or more, and the location and identify thereof by the close of business on December 15, 2016; and (2) an accounting of all payments of living expenses, business expenses, and any transfers of assets made within ten days following the end of each month. Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV16-8172-CAS(AFMx) | Date | December 4, 2017 |
|---|---|---|---|
| Title | UL, LLC v. THE SPACE CHARIOT INC., ET AL. | | |

Defendants violated both orders by disposing of and transferring assets and failing to respond to certain discovery requests, and on April 10, 2017, the Court granted plaintiff's motion for civil contempt and sanctions against defendants. Dkt. 74. As sanctions, the Court awarded plaintiff the costs and attorneys' fees it incurred as a result of defendants' violations. The Court directed plaintiff to submit a request for attorneys' fees and costs specifying the amount sought for recovery, documenting the hours expended and hourly rates of their counsel, and demonstrating that those rates are consistent with those in the community given the skill, experience, and reputation of plaintiff's counsel.

Though the Court's April 10, 2017 order instructed plaintiff to file its request for fees by April 24, 2017, on April 21, 2017, this case was stayed as to defendants Kevin Walker and Donabelle Escarez Mortel due to their filing bankruptcy petitions. Dkt. 82. Plaintiff noted in its May 12, 2017 status report that, in light of the stay, it would submit the request at a later date. Dkt. 85. Thereafter, this Court's judgment as to Space Chariot—entered May 31, 2017—provided that the Court shall have continuing jurisdiction over this matter as to Space Chariot for the purpose of determining and enforcing the pending sanctions awards for plaintiff against Space Chariot. Dkt. 92 at 3–4. Similarly, the Court's judgment as to Walker and Mortel, entered on October 20, 2017 after the stay was lifted, provided that the Court shall have continuing jurisdiction over the matter as to Walker and Mortel for the purpose of determining and enforcing the pending sanctions awards for plaintiff. Dkt. 112 at 3–4.

On November 3, 2017, plaintiff filed the instant request for attorneys' fees and costs, dkt. 116 ("Request"), and filed an application to have the bill of costs as to The Space Chariot, Inc. apply jointly and severally to Kevin Walker and Donabelle Escarez Mortel. Dkt. 115.

**II. DISCUSSION**

Plaintiff, by its undersigned counsel, requests attorneys' fees and costs identified in the following chart:

| Attorney | Hours | Hourly Rate | Total Fees |
|---|---|---|---|
| Gershman | 1.1 | $552.50 | $605.75 |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV16-8172-CAS(AFMx) | Date | December 4, 2017 |
|---|---|---|---|
| Title | UL, LLC v. THE SPACE CHARIOT INC., ET AL. | | |

| | | | |
|---|---|---|---|
| Gershman | 6.3 | $715.00 | $4,504.50 |
| Bykerk | 1.1 | $446.30 | $490.88 |
| Bykerk | 16.1 | $585.00 | $9,418.50 |
| Nelson | 6 | $520.00 | $2,080.60 |
| Nelson | 5.8 | $695.00 | $4,031.00 |
| **Total** | 36.4 | - | $21,133.23. |

Plaintiff includes accompanying declarations and exhibits that these fees were reasonably incurred. Plaintiff contends that the lodestar figure is "presumptively reasonable" and that there is no "exceptional" reason in this case to require any adjustment. See Cunningham v. Cnty. of Los Angeles, 879 F.2d 481, 488 (9th Cir. 1989); Gonzalez v. City of Maywood, 729 F.3d 1196, 1202 (9th Cir. 2013). Moreover, plaintiff contends that the billing rates are reasonable, and that the standard for determining a reasonable hourly rate is the "rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." Camacho v. Bridgeport Fin., Inc., 523 F.3d 973, 979-80 (9th Cir. 2008). Here, plaintiff asserts that the billing rates charged were consistent with the prevailing rates for attorneys of similar skill, experience, and reputation at other comparable firms. Gershman Decl. ¶¶ 11–12, Exs. 4–5.

In addition to the attorneys' fees, and pursuant to the Court's prior order, plaintiff has included in this request only those costs for related service and messenger fees, which amounts to $651.11. Id. ¶ 10, Ex. 3.

Having reviewed counsel's supplemental declaration, the Court finds that the rates are reasonable and concludes that it is appropriate to award fees for 36.4 hours of the work performed. The Court notes that in the course of this litigation, which sought relief against defendants for misrepresenting to the public that their hoverboards were UL approved, plaintiff was required to seek injunctive relief. After the Court granted injunctive relief, plaintiff was required to seek formal and informal discovery based on defendants' failure to comply with the preliminary injunction. The Court granted

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV16-8172-CAS(AFMx) | Date | December 4, 2017 |
|---|---|---|---|
| Title | UL, LLC v. THE SPACE CHARIOT INC., ET AL. | | |

plaintiff's motion for civil contempt and sanctions against defendants. See dkt. 74. Plaintiff's timesheets reflect that counsel expended 36.4 hours and incurred $21,133.23 in fees as a result of defendants' violations, and plaintiff has indicated that these fees have been decreased to account for any inefficiency. Gershman Del. ¶¶ 9–10. In light of the foregoing, the Court awards plaintiff's counsel $21,133.23 in attorneys' fees and $651.11 in costs.

With respect to plaintiff's application requesting that the bill of costs entered as to Space Chariot be applied jointly and severally to Walker and Mortel, Local Rule 54 requires that the party entitled to costs file the application within fourteen days after entry of judgment. L.R. 54-2.1. The Court entered judgment as to Walker and Mortel on October 20, 2017, and plaintiff filed the application on November 3, 2017. Dkt. 115. Because this application is timely—within fourteen days of when judgment was entered as to Walker and Mortel—the Court concludes that the bill of costs shall apply jointly and severally among defendants.

### III. CONCLUSION

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that defendants shall be liable to plaintiff's counsel in the amount of $21,784.34 (comprised of $21,133.23 in attorneys' fees and $651.11 in costs). The bill of costs shall apply jointly and severally among defendants.

IT IS SO ORDERED.

|  | 00 | : | 01 |
|---|---|---|---|
| Initials of Preparer | | CL | |